**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ARMIN ELAHI** | **CASE NO.  1:26-CV-274 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **SCOTT LADWIG, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed on behalf of Armin Elahi, ("Petitioner'), pursuant to 28 U.S.C. § 2241.  Petitioner is an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.  Petitioner challenges the legality and constitutionality of his continued detention and seeks his immediate release.

Petitioner is a 51-year old man who lawfully immigrated to the United States in 1977 or 1978 as a child from Iran.  He became a Lawful Permanent Resident in 1996. Petitioner is married to a United States citizen and is the father of two children who are United States citizens.  Doc. 1 at 2, 5, 6 and Doc. 27 at 1.

In March of 2001, Petitioner was arrested and later convicted of conspiracy to distribute a controlled substance and bank fraud.  He was sentenced to 40 months for the conspiracy conviction and eight months for the bank fraud conviction.  Petitioner was

stripped of his Lawful Permanent Resident status and placed in removal proceedings. Petitioner was granted deferral of removal to Iran pursuant to the United Nations Convention Against Torture ("CAT") on January 25, 2005. The government did not appeal. Petitioner was released from prison early on good behavior on February 13, 2006 and in February of 2009, he successfully completed his post-release probation. In 2010, ICE made an express determination that Petitioner did not present a danger to the community, did not present a flight risk, and was not likely to be removed in the foreseeable future. He was placed on an Order of Supervision. Petitioner attended all required check-ins with ICE and was never arrested. Petitioner had a valid employment authorization ("EAD"). On July 24, 2025, Petitioner was arrested and detained by ICE without any prior notice or warning. Doc. 1 at 2, 3, 7, 8.

ICE did not provide Petitioner with notice of the revocation of his Order of Supervision, a warrant, an informal interview, or any specific determination as to why his Order of Supervision was no longer valid. Petitioner has been detained for more than six months. Doc. 1 at 3, 8.

Petitioner claims he was arrested in violation of binding regulations and his procedural due process rights. He claims there was no removal plan in place when he was arrested in violation of binding regulations and his substantive due process rights. He claims his removal is not reasonably foreseeable in violation of his substantive due process rights. He claims his arrest without probable cause violated his rights under the Fourth Amendment.

Petitioner claims that since his arrest on July 24, 2025, he has not received any travel documents to any third country, any lawful status in any other country, or experienced any other changes in circumstances that would render his removal more foreseeable than it previously was. Petitioner still has CAT protection precluding his removal to Iran. Doc. 1 at 23.

The Government argues that Petitioner is lawfully detained pursuant to 8 USC § 1231(a)(6) as a non-citizen with a criminal history and a final order of removal. The Government argues that Petitioner has not provided this court with sufficient evidence that there is no significant likelihood of removal in the reasonably foreseeable future. The government argues that Petitioner has been detained since July 24, 2025 and considering his criminal history, his detention was properly extended under § 1231 and applicable regulations. The Government further argues that Petitioner has a serious felonious criminal history, and this strongly suggests that he would be a "risk to the community" if released and should be detained beyond the removal period.

Because Petitioner establishes there is no significant likelihood of his removal in the reasonably foreseeable future, the petition should be GRANTED.

## LAW AND ANALYSIS

After an alien is ordered removed, the Government has 90 days within which to effectuate the removal. See 8 U.S.C. § 1231(a)(1)(A). However, Section 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States and detention for up to six months is "presumptively reasonable." See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Afterward, if the alien

"provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. Id.; see also 8 CFR § 241.13 (setting forth the Zadvydas procedures). Petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. See Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." Idowu v. Ridge, 03-CV-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

On January 25, 2005, Petitioner was ordered removed and granted deferral of removal to Iran under the Convention Against Torture. In 2010, Petitioner was placed on an Order of Supervision. Petitioner was detained on July 24, 2025 and remains detained. Petitioner has been detained beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies. See Shengelia v. Ortega, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); see also Altayb v. U.S. Immigration & Customs Enf't, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), adopted by, 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Petitioner has satisfied his initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist. Petitioner identifies a specific barrier to his repatriation in that he was granted CAT protection precluding his removal to Iran, his only country of citizenship. See Altayb, 2026 WL 550093 *3 (collecting cases). In 2010, ICE made an express determination that Petitioner did not present a danger to the community, did not present a flight risk, and was not likely

to be removed in the reasonably foreseeable future.  Doc. 1 at 3.  Since Petitioner was arrested, he has not received any travel documents to a third country, any lawful status in any other country, or any other change in circumstances that would render his removal more foreseeable now than it was previously.  Petitioner has now been detained for more than nine months.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  Zadvydas, 533 U.S. at 701.

The burden therefore shifts to the Government to come forward with evidence of a significant likelihood that Petitioner will be deported in the reasonably foreseeable future. The Government claims ERO is currently actively seeking assistance from a third country to remove Petitioner.  Doc. 27 at 8.  The Government admits that it has no intention of introducing any further evidence or witnesses.  Doc 36 at 2.  The Government fails to present a sworn declaration from a Field Office Director as to the steps ERO is taking to remove Petitioner.  The Government fails to identify a third country that it is seeking assistance from to remove Petitioner.  Thus, the Government is no closer to removing Petitioner now than it was when Petitioner was granted an Order of Supervision in 2010. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future."  Nguyen v. Noem, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing Balouch v. Bondi, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that he has "good reason to believe that

there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701-02.  There is no evidence that travel documents have been obtained or that a viable third country has been found for removal.  It follows that the likelihood of Petitioner being removed in the reasonably foreseeable future is certainly not significant.  The Government has failed to meet its burden to refute that assertion.

The Government also claims that Petitioner's detention has properly been extended under § 1231 and the applicable regulations considering his criminal history.  Generally, "dangerousness" and "flight risk" are not part of the Zadvydas analysis.   Zadvydas v. Davis, 533 U.S. at 690, 121 S.Ct. 2491. at 690-92, 121 S. Ct. 2491 (explaining that the Court has "upheld preventive detention based on dangerousness only when limited to especially dangerous individuals and subject to strong procedural protections.").  Petitioner has had no additional interactions with law enforcement since his OSUP release in 2010.  ICE considered Petitioner's criminal history and found him not to be a danger in granting his OSUP.  The Government's argument that Petitioner's continued detention is justified because of his risk of danger to the community fails.

Accordingly, the court concludes that habeas relief is proper and Zadvydas requires Petitioner's release from his unlawful detention.

Accordingly, **IT IS RECOMMENDED** that the petition be **GRANTED** and Petitioner be released under appropriate conditions.  **IT IS ORDERED** that the Motion In Limine to Exclude or, Alternatively, Strike Attorney Testimony (Doc. 28); the Motion for Expedited Consideration (Doc. 29); and Motion for Judgment on Partial Findings or, Alternatively, and Evidentiary Hearing (Doc. 31) are **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 30th day of April 2026.

Mark L. Hornsby
U.S. Magistrate Judge